UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 13-07153 SJO (JCx) | **DATE:** October 8, 2013 |
| **TITLE:** Eclipse IP LLC v. Ridecharge, Inc. | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**

Not Present

**COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER COORDINATING CASES AND NOTIFYING PLAINTIFF OF INADEQUACIES IN PLAINTIFF'S COMPLAINTS**

This order applies to, and shall be filed in the following cases: *Eclipse IP LLC v. Flywheel Software, Inc.*, 2:13-cv-06371-SJO-JC ("Flywheel Case"); *Eclipse IP LLC v. Groundlink, LLC*, 2:13-cv-07038-SJO-JC ("Groundlink Case"); *Eclipse IP LLC v. Lyft, Inc.*, 2:13-cv-07152-SJO-JC ("Lyft Case"); *Eclipse IP LLC v. Ridecharge, Inc.*, 2:13-cv-07153-SJO-JC ("Ridecharge Case"); *Eclipse IP LLC v. Uber Technologies, Inc.*, 2:13-cv-07154-SJO-JC ("Uber Case"); *Eclipse IP LLC v. Side.Cr LLC*, 2:13-cv-07155-SJO-JC ("Sidecar Case") (collectively, the "Eclipse Cases"), which were filed by Eclipse IP LLC ("Plaintiff") and which include, inter alia, claims for infringement of the related United States patents 7,064,681 ("the '681 patent"); 7,482,952 ("the '952 patent"); 7,479,899 ("the '899 patent"); 7,479,901 ("the '901 patent"); and 7,538,691 ("the '691 patent") (collectively, "Eclipse Patents").

I.   COORDINATION OF CASES

The Eclipse Cases are hereby coordinated for case management purposes. The Court will issue one protective order and one scheduling order to govern all of the cases. This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

The low-number case, *Eclipse IP LLC v. Flywheel Software, Inc.*, 2:13-cv-06371-SJO-JC, will serve as the master case file. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual related case to the extent applicable. Parties shall enter their appearances in the individual cases, and the Clerk is directed to add all parties and attorneys from the individual cases to the master case file such that all counsel appearing in the individual cases will receive notifications for the master case file as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 13-07153 SJO (JCx) | DATE: October 8, 2013 |

If orders, pleadings, motions, or other documents are generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file. Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and will only be filed in the individual cases.

II. PLAINTIFF'S INDIRECT AND WILLFUL INFRINGEMENT CLAIMS

Federal Rule of Civil Procedure 12(b)(6) provides an opportunity for a party to "test[] the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (citation omitted). However, the Court must first "give notice of its intention to dismiss and give the plaintiff some opportunity to respond." *Id.*

In determining if a claim has been adequately stated, a court must accept as true the allegations of the complaint in question. *Hosp. Bldg. Co. v. Trs. of the Rex Hosp.*, 425 U.S. 738, 740 (1976). The court is required to construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

  A. Indirect Infringement Claims

Plaintiff alleges that Defendants Flywheel Software, Inc. ("Flywheel"); Groundlink, LLC, Groundlink Holdings LLC, and Groundlink Holdings II LLC (collectively, "Groundlink"); Lyft, Inc. ("Lyft"); Ridecharge, Inc. ("Ridecharge"); *Uber Technologies, Inc.* ("Uber"); *Side.Cr LLC* ("Side.Cr") (collectively, "Defendants") committed both contributory and induced infringement. (Compl. ("Flywheel Complaint") ¶¶ 25, 34, 43, 52, 61, Flywheel Case (C.D. Cal. Aug. 30, 2013), ECF No. 1; Compl. ("Groundlink Complaint") ¶¶ 25, 34, 43, 52, 61, Groundlink Case (C.D. Cal. Sept. 23, 2013), ECF No. 1; Compl. ("Lyft Complaint") ¶¶ 25, 34, 43, 52, Lyft Case (C.D. Cal. Sept. 27, 2013), ECF No. 1; Compl. ("Ridecharge Complaint") ¶¶ 25, 34, Ridecharge Case (C.D. Cal. Sept. 27, 2013), ECF No. 1; Compl. ("Uber Complaint") ¶¶ 25, 34, 43, 52, Uber Case (C.D. Cal. Sept. 27, 2013), ECF No. 1; Compl. ("Sidecar Complaint") ¶¶ 25, 34, 43, 52, Sidecar Case (C.D. Cal. Sept. 27, 2013), ECF No. 1.) For both of these forms of indirect infringement, the patent-holder must show that the infringer had knowledge of the existence of the infringed patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). As discussed in length in the recent decision in *Labyrinth Optical Technologies, LLC v. Fujitsu America, Inc.,* the Federal Circuit has recently resolved whether a defendant must have this knowledge before litigation begins. 8:13-cv-00030-AG-MLG (C.D. Cal. Aug. 21, 2013), ECF No. 33. In *In re Bill of Lading Transmission & Processing System Patent Litigation*, the Federal Circuit held that the plaintiff had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 13-07153 SJO (JCx) | DATE: October 8, 2013 |

met the knowledge requirement to bring an indirect infringement claim when it provided notice of the patent via service of the original complaint. 681 F.3d 1323, 1345 (Fed. Cir. 2012); *accord Labyrinth*, 8:13-cv-00030-AG-MLG, slip op. at 8-9 (analyzing *Bill of Lading*'s treatment of this issue in detail and holding patent-holder sufficiently alleged defendant's knowledge in amended complaint based on service of original complaint); *Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. Oct. 1, 2012) (holding that in *Bill of Lading*, post-complaint knowledge is sufficient). Thus, to meet this knowledge requirement in pleading indirect infringement, Plaintiff need not necessarily allege Defendants' pre-suit knowledge of the patents. However, what knowledge Plaintiff does allege must still be plausible.

Plaintiff's allegations about Defendants' knowledge are not sufficiently concrete and factual for the Court to infer that Plaintiff's claims are plausible. Plaintiff comes closest by pleading that Defendants had knowledge of the patents when the Complaint was filed. For example, Plaintiff states that Flywheel "has had knowledge of the '681 patent at least as early as the filing of this Complaint. Additionally, at least as early as the filing of this Complaint, Flywheel knew or should have known that its continued [use of the '681 patent] would induce direct infringement of the '681 patent." (Flywheel Compl. ¶ 28; *see also* Flywheel Compl. ¶¶ 37, 46, 55, 64; Groundlink Compl. ¶¶ 28, 37, 46, 55, 64; Lyft Compl. ¶¶ 28, 37, 46, 55; Ridecharge Compl. ¶¶ 28, 37; Uber Compl. ¶¶ 28, 37, 46, 55; Sidecar Compl. ¶¶ 28, 37, 46, 55.) However, this is still insufficient. Instead of merely pleading that the Complaint was **filed**, Plaintiff must also plead facts showing the Defendants had **knowledge** of this filing—for example, that Defendants were served with the complaint or acknowledged it by responding to the filing in some way. *Cf. Bill of Lading*, 681 F.3d at 1345 ("[Plaintiff's] Amended Complaint alleges that [the defendant] became aware of the [patent], at the latest . . . when it was served with the complaint."). Plaintiff's Complaints do not plead these facts. For Plaintiff's claims of indirect infringement to survive, Plaintiff must include factual allegations that plausibly support Defendants' receipt of actual notice of Plaintiff's filings.

  B. <u>Willful Infringement Claims</u>

Plaintiff also alleges that Defendants have willfully infringed Eclipse Patents. (Flywheel Compl. ¶¶ 29, 38, 47, 56, 65; Groundlink Compl. ¶¶ 29, 38, 47, 56, 65; Lyft Compl. ¶¶ 29, 38, 47, 56; Ridecharge Compl. ¶¶ 29, 38; Uber Compl. ¶¶ 29, 38, 47, 56; Sidecar Compl. ¶¶ 29, 38, 47, 56.) As with indirect infringement, "a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge." *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990). However, the Federal Circuit has held that the notice requirement for willful infringement operates more stringently than it does for indirect infringement. In the absence of a defendant's pre-litigation knowledge of the asserted patents, the Federal Circuit only allows plaintiffs to bring claims for willful infringement if the plaintiff seeks a preliminary injunction. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007); *see also McRO, Inc. v. Namco Bandai Games Am., Inc.*, 2:12-cv-10322-GW-FFM, slip op. at 3-4 (C.D. Cal. July 11, 2013), ECF No. 153.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 13-07153 SJO (JCx)  **DATE:** October 8, 2013

Plaintiff has not sought a preliminary injunction, nor has Plaintiff alleged pre-suit knowledge of the Eclipse Patents in any of its Complaints against Defendants, despite every incentive to do so in order to support both its willful and indirect infringement claims. For Plaintiff's allegations of willful infringement to survive, Plaintiff must either seek a preliminary injunction or plead facts plausibly supporting that Defendants had pre-litigation knowledge of the Eclipse Patents.

Plaintiff may file and serve First Amended Complaints correcting these inefficiencies for all Eclipse Cases on or before **October 21, 2013**. To maintain claims of indirect and willful infringement, Plaintiff must allege with particularity the facts establishing the defendants' requisite mental state. If Plaintiff fails to do so, the Court **will dismiss** Plaintiff's claims of indirect and willful infringement **without leave to amend**.

The Court notes that Plaintiff's inability to present facts supporting a willful infringement claim at this stage in the litigation will not bar Plaintiff from timely amending its complaint should facts demonstrating Defendants' pre-suit knowledge come to light. Discovery on the subject of willfulness shall be broadly interpreted and the Court expects Defendants will produce or log as privileged all documents relating to willfulness.

### III. PLAINTIFF TO LODGE THE FILE HISTORY

On or before **November 11, 2013**, Plaintiff shall lodge with the Court a certified copy of the file history for each asserted patent. The file histories shall each be printed double-sided, indexed, tabbed, and compiled in a 3-ring binder. In addition to the paper copy of the file histories, Plaintiff shall lodge an electronic copy on a CD-ROM, DVD, or USB thumb drive, in which each file history shall be a single PDF file with bookmarks corresponding to the tabs on the paper copy. Plaintiff shall provide an electronic copy of the file histories to any Defendant who requests it.

IT IS SO ORDERED.